UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RENEE COBB**,

        Plaintiff,

v.

**CARLOS DEL TORO**,

        Defendant.

Civil Action No. 20-cv-3015 (TSC)

## MEMORANDUM OPINION

On June 13, 2024, Plaintiff Renee Cobb filed a Supplemental Complaint in this action, ECF No. 42, against Defendant Carlos Del Toro in his official capacity as Secretary of the United States Department of the Navy ("Navy"),[1] setting forth new events that she alleges further support her claims of race, age, and disability discrimination, hostile work environment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff also added a claim under the Americans with Disabilities Act of 1990 ("ADA").[2] *See* Suppl. Compl. at 1. Defendant moved to dismiss Plaintiff's Supplemental Complaint. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 44. For reasons explained below, Defendant's motion will be GRANTED in part and DENIED in part.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Del Toro substituted for his predecessor, Thomas Harker, former Acting Secretary of the Navy. ECF No. 23 at 1 n.1.

[2] Because Plaintiff's legal claims, and the alleged incidents that support them, are not clearly delineated, the court liberally construes her Supplemental Complaint and relies on her response to Defendant's motion, filed by her attorney, for additional clarity.

## I.   BACKGROUND

The court discussed some of the background in this case in its September 25, 2023, Memorandum Opinion. Mem. Op., ECF No. 37. Plaintiff filed this action *pro se* on October 18, 2020, and obtained counsel on June 30, 2021. ECF No. 1; *see* Notice of Appearance, ECF No. 21. On November 30, 2020, Plaintiff filed an Amended Complaint. Am Compl., ECF No. 5. In her Amended Complaint, Plaintiff alleged unlawful employment discrimination and hostile work environment on the bases of race, sex, color, and age, in violation of Title VII, and for retaliation in violation of 42 U.S.C. § 1981. *Id.* She also alleged that Defendant failed to comply with her Freedom of Information Act ("FOIA") request. *Id.*

On September 25, 2023, this court granted in part and denied in part Defendant's motions to dismiss and for summary judgment, dismissing Plaintiff's age-based hostile work environment and retaliation claims under 42 U.S.C. § 1981, and in all other respects denying Defendant's motion to dismiss Plaintiff's retaliation, discrimination, and race-based and sex-based hostile work environment claims. Order, ECF No. 38. On June 13, 2024, Plaintiff filed a Supplemental Complaint, ECF No. 42, along with additional large attachments, ECF No. 43, "to set forth new events and occurrences that have transpired since the filing of [her] Amended Complaint." Suppl. Compl. at 1.

On June 27, 2024, Defendant moved to dismiss the Supplemental Complaint. Def.'s Mot. On July 1, 2024, Plaintiff filed her Response to Defendant's motion to dismiss. Pl.'s Resp., ECF No. 45. On August 26, 2024, Plaintiff filed a second Supplemental Complaint, ECF No. 48, which included a "Surresponse" to Defendant's Motion to Dismiss, *see* Pl.'s Surresponse, ECF No. 48-3. Plaintiff claimed the surresponse "address[ed] evidence that is crucial to this Court's consideration of the Defendant's Motion to Dismiss," including "evidence and proof of [Plaintiff's

EEOC] mailing." Pl.'s Surresponse at 1. But Plaintiff did not include such evidence or proof of mailing in her filing.

Plaintiff did not file her "surresponse" in accordance with local and federal rules. *See* Fed. R. Civ. P. 15 (d); D.C. Cir. Rule 7, 15.1. Accordingly, on December 16, 2024, the court ordered Plaintiff to re-file her "surresponse" request to include only the omitted "evidence and proof of mailing" that Plaintiff mentioned in her filing and "in accordance with the relevant local and federal rules." Min. Order, Dec. 16, 2024. In response, on December 19, 2024, Plaintiff filed a third Supplemental Complaint, ECF No. 50, but did not file any exhibits that are not already in the record, failed to include the additional "evidence and proof of mailing" as instructed by the court, failed to follow the local and federal rules, and submitted an entirely new "surresponse" request. *See* ECF No. 50. For these reasons, the court considers her first Supplemental Complaint at ECF No. 42 (hereinafter "Suppl. Compl.") to be the operative Complaint and does not consider her second and third Supplemental Complaints at ECF Nos. 48 and 50.

In her Supplemental Complaint, Plaintiff alleges several "new events and occurrences. . . since the filing of the Amended Complaint." Suppl. Compl. at 1. These include:

**A. Revocation of Security Clearance Eligibility & Access (discrimination and retaliation)**

On February 19, 2021, while Plaintiff was on indefinite leave without pay, she "received a letter of Intent to Revoke Eligibility for Access to Classified Information and/or Assignment to Duties that have been Designated National Security Sensitive from Lenora Collin." *Id.* ¶ 1. The letter stated that "a preliminary decision has been made by the Department of Defense (DoD) Consolidated Adjudications Facility (CAF) to revoke [Plaintiff's] eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive." ECF No. 42-1, Ex. 1 at 2, Intent to Revoke Eligibility. Plaintiff claims that she promptly submitted

a response, but her eligibility and access to classified information were ultimately revoked on July 3, 2023. Suppl. Compl. ¶ 2. She timely appealed this decision on October 7, 2023. *Id.* ¶ 3.

As maintaining a security clearance is required for Plaintiff's job, the revocation impacted her employment, and she was ultimately removed from her position. *See infra* Section I (B); *see also* ECF No. 43-10, Ex. 8 ¶ 1, Notice of Decision to Remove. Plaintiff contends that this escalation "was an indirect Adverse Action by [Defendant] because false reports were made for the purposes of violating [Plaintiff's rights] while pretending it was out of [Defendant's] hands." Suppl. Compl. ¶ 1.

### B. Revocation of Security Clearance & Termination (discrimination and retaliation)

Plaintiff alleges that her security clearance and eligibility were revoked on March 7, 2024. *Id.* ¶ 4. She claims that on April 17, 2024, she received a Letter of Intent from Amy Novak, removing Plaintiff from her position, representing "a significant escalation in the retaliatory actions against [her]." *Id.* ¶ 5. She alleges that she timely responded, on May 28, 2024, asking for reconsideration of the decision. *See id.* ¶ 6. In her email response, she noted that this "matter is currently before the District Court for Washington DC" and that it "was imperative to emphasize the precedence of this matter over any actions proposed by the Navy." ECF No. 43-1, Ex. 6 at 1, Resp. to Proposed Removal. Plaintiff was ultimately removed from her position on May 17, 2024, though she claims she did not receive the notice until May 24, 2024. Suppl. Compl. ¶ 9.

### C. Age & Disability Discrimination

Plaintiff alleges that her termination at age 59 caused "significant financial and professional harm" and that "[t]he detrimental impacts on her retirement and benefits further substantiate her claim." *Id.* at 8–9. She claims that "[h]er termination exhibits a continuing discriminatory, and retaliatory motive" because Defendant "falsely reported information to

security that [Defendant] knew was untrue to unlawfully destroy [her] and her career" when her security clearance was revoked. *See id.* ¶ 10. She further alleges that she was terminated after responding to the April 17, 2024 Letter of Intent to remove her from her position and for including in her response that "the subject matter is currently pending in the DC Circuit Court [sic], suggesting further retaliatory motives." *Id.* ¶ 11. According to Plaintiff, "this termination resulted in [her] suffering substantial losses, including diminished 401(k) [] matches, and the loss of retirement benefits, medical, and life insurance." *Id.* ¶ 10.

Plaintiff claims she filed an informal Equal Employment Opportunity ("EEO") complaint regarding her termination, which she mailed in a timely manner. *Id.* ¶ 12. She adds that "the agency does not provide personnel for the EEO office, demonstrating the downplay of the EEO office, its availability, and general knowledge of its rules." *Id.* Plaintiff further claims that her "informal EEO complaint highlights the [Navy's] lack of support for the EEO office" and her belief that the Navy "perceived her as disabled," an additional basis for her ADA claims. *Id.* at 9.

Plaintiff ultimately contends that Defendant engaged in racial discrimination, created a hostile work environment, retaliated against her, and engaged in age discrimination and disability discrimination, in violation of Title VII, ADEA, and ADA. Suppl. Compl. at 6.

## II.  LEGAL STANDARD

A motion under Rule 12(b)(6) seeks dismissal on the grounds that the complaint fails "to state a claim upon which relief can be granted," and "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint only establishes a facially plausible claim if it "pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In resolving a motion to dismiss, the court considers only "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (citation omitted). In an employment discrimination case, the court may take judicial notice of exhaustion-related administrative documents. *See Tyson v. Brennan*, 277 F. Supp. 3d 28, 34 (D.D.C. 2017), *aff'd*, No. 18-5033, 2018 WL 5927921 (D.C. Cir. Nov. 7, 2018); *see also Vasser v. McDonald*, 228 F. Supp. 3d 1, 9–10 (D.D.C. 2016) ("In the context of exhaustion, courts are willing to rely upon administrative orders and administrative complaints without converting the motion into one for summary judgment when the documents are 'referred to in the complaint, . . . are integral to [the plaintiff's] exhaustion of administrative remedies, and are public records subject to judicial notice'") (citation omitted).

### III.    ANALYSIS

Defendant argues that Plaintiff's Supplemental Complaint should be dismissed because there is no indication in the Supplemental Complaint or in the attached exhibits showing that Plaintiff filed an EEO claim within forty-five days of: (1) Defendant's February 19, 2021 letter of intent to revoke her eligibility for access to classified information; (2) Defendant's revocation of her security clearance on March 7, 2024; (3) or Defendant's April 17, 2024 letter of intent to remove Plaintiff from her position. Def's Mot. at 6. Plaintiff counters that she has met the exhaustion requirement by timely filing EEO complaints, that these new acts of discrimination relate back to the previously exhausted claims in her Amended Complaint at ECF No. 5, and that

the new claims collectively contribute to her hostile work environment claim. Pl.'s Mem. Law, ECF No. 45-1 at 2–4.

### A. Legal Framework – Exhaustion

The Equal Employment Opportunity Commission has promulgated detailed regulations establishing administrative procedures for resolving employment discrimination claims against federal agencies. Title VII, the ADEA, and the ADA require an aggrieved party to exhaust their administrative remedies before filing suit. *See* 42 U.S.C. § 2000e–16(c) (Title VII); 29 U.S.C § 633a(b)–(d) (ADEA); 42 U.S.C. § 12117(a) (ADA). The exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotations and citation omitted). These limits are not jurisdictional and "are subject to equitable tolling, estoppel, and waiver." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (collecting authorities).

#### i.    *Title VII*

Under Title VII, an employee who believes they have been discriminated against must consult an EEO counselor within forty-five days of the alleged discriminatory act. *In re James*, 444 F.3d 643, 644 (D.C. Cir. 2006); 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved informally within thirty days, the employee then has fifteen days to file a formal complaint with the agency. *See* 29 C.F.R. §§ 1614.105(d), 1614.106(a)–(b). Once an employee has filed a formal complaint, the agency must "conduct an impartial and appropriate investigation of the complaint within 180 days" of that filing, *id.* § 1614.106(e)(2), and the employee may subsequently sue in federal district court but must do so within ninety days of receiving the agency's final

determination—or if the agency does not take final action, within 180 days of filing the complaint with the agency, *see* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(b)–(c).

    *ii.*    *ADA*

Similarly, under the ADA, a plaintiff must first exhaust administrative remedies by filing an EEOC charge before filing suit. *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it.").

    *iii.*    *ADEA*

Under the ADEA, a plaintiff has two alternative avenues to judicial redress. *See Rann v. Chao,* 346 F.3d 192, 195 (D.C. Cir. 2003). "First, the employee may bring a claim directly to federal court so long as, within 180 days of the allegedly discriminatory act, he provides the EEOC with notice of his intent to sue at least 30 days before commencing suit." *Id.* (citing 29 U.S.C. §§ 633a(c), (d)). "Second, the employee may invoke the EEOC's administrative process, and then sue if dissatisfied with the results." *Rann,* 346 F.3d at 194 (citing 29 U.S.C. §§ 633a(b), (c)). Failure to adhere to at least one of these alternatives will bar claims in the district court. *See Rann,* 346 F.3d at 195.

**B. Plaintiff's New Allegations**

    i.    *February 19, 2021 Letter of Intent to Revoke Security Clearance, July 3, 2023 Security Clearance Eligibility & Access Revocation, & March 7, 2024 Security Clearance Revocation*

Plaintiff alleges that on February 19, 2021, she received a Letter of Intent to revoke her security clearance. Suppl. Compl. ¶ 1. Then, on July 3, 2023, she received a letter revoking her "eligibility for access to classified information and/or assignment to duties that have been

Designated National Security Sensitive." ECF No. 42-4, Ex. 4 at 1, Appeal; *see* Suppl. Compl. ¶¶ 1–2. She claims that her security clearance and eligibility were ultimately revoked on March 7, 2024. *Id.* ¶ 4.

To have timely exhausted a claim arising out of these incidents, Plaintiff would have had to file an EEO claim within forty-five days of receiving the letter or decision to revoke her security clearance—either around April 5, 2021 (for the February 19, 2021 letter), August 17, 2024 (for the July 3, 2023 letter), or April 21, 2024 (for the March 7, 2024 letter). Nothing in the record suggests that she met any of these deadlines. While Plaintiff claims that she timely appealed the decision to revoke her security clearance, *id.* ¶ 3, the court agrees with Defendant that Plaintiff has not shown that she timely filed an EEO claim, which is different than her request for reconsideration. Plaintiff does not allege that she consulted an EEO counselor within the specified timeframe, and her accompanying exhibits do not mention any timely EEO filing.

Plaintiff attempts to get around the exhaustion issue by claiming that these "new act[s] of discrimination . . . connect[] back to previously exhausted claims," Pl.'s Resp. at 3, but this argument is unavailing. First, Plaintiff does not indicate which previously exhausted claim these new acts connect to. And second, she alleges discrete discriminatory acts—the revocation of her eligibility and access and the ultimate revocation of her security clearance. A claim pleads discrete acts of discrimination if it alleges "incidents that were different in kind, involved different individuals, and occurred at different times." *Est. of Rudder v. Vilsack*, 10 F. Supp. 3d 190, 197 (D.D.C. 2014). When an employee alleges discrete acts, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In other words, only discrete acts that occurred within 45 days of when the plaintiff contacted an EEO Counselor are exhausted. *See id.* "[D]iscrete discriminatory acts are

not actionable if time barred," even when they relate to acts that were exhausted within the applicable limitations period. *Id.*

Plaintiff argues that the continuing violations doctrine applies here. But that doctrine—a principle of equitable tolling that allows a court to find a claim timely filed "so long as one act falls within the charge filing period"—does not apply to discrete acts claims. *Id.* at 114. For these reasons, Plaintiff has failed to exhaust her claims, and any claim based on these incidents will be dismissed.

    ii.    *April 14, 2024 Letter of Intent to Remove from Position & May 17, 2024 Employment Termination*

On April 17, 2024, Plaintiff received a Letter of Intent to remove her from her position, and she was ultimately removed on May 17, 2024. Suppl. Compl. ¶¶ 5, 9. Plaintiff claims that she filed an informal EEO complaint regarding her termination on May 28, 2024, *id.* ¶ 6 at n.8; *see id.* ¶ 11, within the applicable forty-five-day period (before June 1, 2024) for contacting an EEO officer.

To support her claim, Plaintiff attaches a photo of a United States Postal Service ("USPS") mailing. ECF No. 43-8, Ex. 6 at 1–3, Mailing Proof. This exhibit includes a USPS Priority Mail receipt, indicating a delivery date of May 30, 2024, a photo of a USPS Priority Mailing package from Plaintiff to a local EEOC Office, and a photo of a May 23, 2024, cover letter from Plaintiff to that same EEOC Office. *Id.* The cover letter states, in part, that Plaintiff's "complaint concerns discrimination based on race, color, religion, sex, national origin . . . and disability." *Id.* at 2. She mentions that she is 59 years old and was removed from service. *Id.* She also mentions retaliation because she "opposed employment discrimination, filed a complaint of discrimination, and participated in the EEO Complaint process." *Id.* Finally, Plaintiff states that she responded to the

Letter of Intent to remove her from service, which seems to be the April 14, 2024, Letter of Intent. *Id.* The photo shows a stack of papers, but the only readable page is the first page cover letter.

"Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." *Bowden*, 106 F.3d at 437 (citing *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985)). "If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437 (citing *Bayer v. United States Dep't. of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992)). Defendant does not claim that Plaintiff's complaint was never received or that Defendant has no record of the complaint. Defendant merely argues that on the face of her Supplemental Complaint, Plaintiff "does not suggest on what date" she filed her informal complaint. Def.'s Mot. at 6–7.

The court finds that, on the face of her Supplemental Complaint and accompanying exhibits, Plaintiff has shown that she timely submitted an informal complaint as to her April 14, 2024, Letter of Intent, and May 17, 2024, Employment Termination claim—both of which are mentioned in her cover letter. For these reasons, these claims will not be dismissed.

### C. Hostile Work Environment

To plead a hostile work environment claim, a complaint must allege "'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). A "plaintiff may not combine discrete acts to form a hostile work environment claim without meeting the required hostile work environment standard." *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011).

"Courts in this district are generally skeptical of plaintiffs 'bootstrap[ping] their alleged discrete acts of retaliation into a broader hostile work environment claim.'" *Tyes-Williams v. Whitaker*, 361 F. Supp. 3d 1, 9 (D.D.C. 2019) (quoting *Walden v. Patient-Centered Outcomes Rsch. Inst.*, 177 F. Supp. 3d 336, 344 (D.D.C. 2016)); *see also Townsend v. United States*, 236 F. Supp. 3d 280, 312 (D.D.C. 2017) ("Use of the same discrete acts, upon which the plaintiff bases his discrimination . . . claims, to support a hostile work environment claim is disfavored.") (citing *Peters v. Dist. of Columbia*, 873 F. Supp. 2d 158, 191 (D.D.C. 2012)); *Doe v. Austin*, No. CV 22-3474, 2024 WL 864270, at 7 (D.D.C. Feb. 29, 2024).

Plaintiff fails to plead a hostile work environment claim because she alleges discrete, unrelated acts of discrimination, that do not amount to a hostile work environment. As discussed in the previous section, Plaintiff concedes that employment termination is a discrete act under *Morgan*, 536 U.S. at 113. The alleged incidents on which her claims are based also do not individually rise to the level of intimidation, ridicule, and insult that is "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Kempthorne*, 550 F.3d 1191 at 1201. Moreover, none of the alleged actions directed at her expressly focused on any of her protected characteristics, or if they did, Plaintiff does not allege so in a nonconclusory fashion. For these reasons, Plaintiffs' claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Supplemental Complaint, ECF No. 45, will be GRANTED in part and DENIED in part. An Order will accompany this Memorandum Opinion.

Date: March 19, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge